IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 31 2014

JAMES W. McCORMACK, CLERK
By: _____
                          DEP CLERK

| | |
|---|---|
| MARVIN WHITE, EXECUTOR OF THE ESTATE OF ROBERT THOMAS, DECEASED, | * * * * |
| Plaintiff, | * * |
| vs. | * NO: 3:14-cv-00258 JPm/JTK * |
| BAJA TRUCKING, LC, | * * |
| Defendant. | * |

## NOTICE OF REMOVAL OF CIVIL ACTION

TO:   Bill W. Bristow, P.A.
      216 E. Washington
      Jonesboro, AR 72401

      Arlon Woodruff
      P.O. Box 500
      Lake City, AR 74370

This case assigned to District Judge _MARSHALL_
and to Magistrate Judge _KEARNEY_

Pursuant to 28 U.S.C. Sections 1441 and 1446, the Defendant, **BAJA TRUCKING, LC**, by and through counsel of record, Glassman, Wyatt, Tuttle & Cox, P.C., files this Notice of Removal of the above civil action, and as basis for said removal would show as follows:

1. Removing party, BAJA TRUCKING, LC, is a named Defendant in the above entitled action.

2. This matter was originally filed in the Circuit Court of Craighead County, Arkansas, on the 7th day of October, 2014, under Docket No. CV-2014-494. A copy of the original Complaint filed in the Circuit Court of Craighead County, Arkansas, is attached to this Notice of

Removal.

3. On or about October 7, 2014, the Complaint was received by the undersigned counsel for Baja Trucking, LC, and forwarded to Baja Trucking, LC.; thus, Defendant acknowledges receipt, *"through service or otherwise"* pursuant to 28 U.S.C. Sections 1446 (b) (1) as of said date. Further, Counsel for Defendant has subsequently agreed to accept service on behalf of Defendant. Thus, this Notice of Removal is timely filed.

4. The Complaint and Summons, attached hereto, constitute all process, pleadings or Orders filed in the Craighead County, Arkansas Circuit Court action.

5. Since the filing of the Complaint, no further proceedings have taken place in the Craighead County, Arkansas Circuit Court action.

6. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Pursuant to 28 USC 1446 (c)(2)(B), Defendant would show that it has been provided evidence and documentation that medical expenses incurred by the deceased prior to death were approximately $25,000, and that funeral expenses were approximately $2,000. Further, while disputed, claims are being made for conscious pain and suffering, loss of life, as well as other wrongful death damages. As such, Defendant submits that it has met its burden of establishing the amount in controversy is in excess of $75,000.

7. Plaintiff is presently, and was at the time the Complaint was filed, a resident citizen of Arkansas. Further, to the extent relevant for purposes of establishing diversity, Defendant would show that the deceased, Robert Thomas, was, at the time of the accident and at the time of his death, a resident citizen of Arkansas.

8. The Defendant, Baja Trucking, LC, is presently, and was at the time the Complaint was filed, a foreign corporate resident/citizen organized and incorporated under the laws of the

State of Iowa with its principal place of business being in Cedar Falls, Iowa.

9. This action is a civil action for personal injuries as a result of a motor vehicle accident which occurred in Craighead County, Arkansas, on January 10, 2014.

10. This Court has original jurisdiction of this action pursuant to 28 U.S.C. Section 1332(a)(1) and (c) as the suit is between citizens of different states, and as the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

11. This Notice of Removal is being filed with this Court within 30-days of receipt of the Complaint by the removing Defendant, Baja Trucking, LC.

12. Defendant has filed a copy of this Notice of Removal with the Circuit Court of Craighead County, Arkansas, pursuant to 28 U.S.C. 1446 (d)

**RESPECTFULLY SUBMITTED,**

COUNSEL FOR DEFENDANT,
BAJA TRUCKING, LC

BY: _____
    CARL WYATT, #12304
    **Glassman, Wyatt, Tuttle & Cox, P.C.**
    26 North Second Street
    Memphis, Tennessee 38103
    cwyatt@gewwlaw.com
    (P: 901-527-4673)
    (F: 901-527-5320)
    (Our File No. 14-054Z)

**CERTIFICATE OF SERVICE**

A true copy of the foregoing pleading has been properly served via Email and U.S. Mail, postage prepaid, this the _31_ day of October, 2014, upon the following:

Bill W. Bristow, P.A.
216 E. Washington
Jonesboro, AR 72401
870-935-9000

billbristow@suddenlinkmail.com

Arlon Woodruff
P.O. Box 500
Lake City, AR 74370
870-237-4300
awoodruff@lawwoodruff.com
**Counsel for Plaintiff**

_____
CARL WYATT

IN THE CIRCUIT COURT OF CRAIGHEAD COUNTY, ARKANSAS
WESTERN DISTRICT, CIVIL DIVISION


PLAINTIFF: MARVIN WHITE, EXECUTOR OF THE ESTATE OF
ROBERT THOMAS, DECEASED

v.                         No. CV 2014 - 494

DEFENDANT: BAJA TRUCKING, LC

THE STATE OF ARKANSAS TO DEFENDANT: Baja Trucking LC, 9930 West Cedar Wapsi Road, Cedar Falls, Iowa 50613

### SUMMONS

A lawsuit has been filed against you. The relief demanded is stated in the attached Complaint. Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written Answer to the Complaint or a Motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The Answer or Motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Bill W. Bristow, 216 E. Washington, Jonesboro, Arkansas 72401.

If you fail to respond within the applicable time period, judgment by default will be entered against you for the relief demanded in the Complaint.

ANN HUDSON, Clerk

By __Buck Mahan__

Date: 10-7-14

Address of Clerk's Office
511 South Main, Suite 200
Jonesboro, Arkansas 72401

EXHIBIT A

On this 15th day of October, 2014, I, as attorney for the plaintiff, have mailed the attached Summons and Complaint to Carl Wyatt, Attorney for Baja Trucking LC who has been authorized to accept service on behalf of said defendant.

*/s/ Bill W. Bristow*
Bill W. Bristow

IN THE CIRCUIT COURT OF CRAIGHEAD COUNTY, ARKANSAS
WESTERN DISTRICT, CIVIL DIVISION

2014 OCT -7 PM 3:30
ANN HUDSON
CLERK OF CIRCUIT COURT

| | | |
|---|---|---|
| MARVIN WHITE, EXECUTOR OF THE ESTATE OF ROBERT THOMAS, DECEASED | | PLAINTIFF |
| v. | No. CV-2014-494 | |
| BAJA TRUCKING, LC | | DEFENDANT |

## COMPLAINT AT LAW

Comes the plaintiff herein, Marvin White, Executor of the Estate of Robert Thomas, Deceased, and for his cause of action as such personal representative against the defendant, Baja Trucking LC, states and alleges as follows, viz:

1. Plaintiff Marvin White is a resident of Arkansas. Plaintiff is the duly appointed executor of the estate of Robert Thomas, Deceased, having been so appointed by the Circuit Court of Greene County, Arkansas, Probate Division, by Order filed of record on January 15, 2014.

2. The deceased, Robert Thomas, prior to his death, resided in Greene County, Arkansas.

3. The defendant Baja Trucking LC, is a corporate entity organized under the laws of the state of Iowa and was conducting business in the state of Arkansas, and one of its tractor trailer trucks loaded with rice operated by a driver within the course and scope of his employment caused a collision in Craighead County, Arkansas (near Brookland) which resulted in the death of Robert Thomas.

4. This Court has jurisdiction of the parties in this action for wrongful death. Venue is appropriate in the Western District of Craighead County, Arkansas, because the collision causing

Page 1 of 5

the death of Robert Thomas occurred in the western district of Craighead County, Arkansas.

5. The truck-automobile collision herein complained of occurred on January 10, 2014, at approximately 10:20 A.M. The deceased, Robert Thomas was driving a Toyota Prius south on U. S. 49 near the city limits of Brookland. While Robert Thomas was traveling south and while he approached the intersection of U.S. 49B, his vision of the intersection would have been obscured by a tractor trailer rig which was waiting to make a left turn from U.S. Highway 49 to U.S. Highway 49B. At said time and place, the driver of a Kenworth tractor trailer transporting rice owned by Baja Trucking LC and driven by a driver serving as the agent, service, and employee of Baja Trucking LC within the course and scope of his employment was traveling north on U.S. Highway 49B approaching the intersection with U.S. Highway 49 which is protected by a stop sign. Said driver of the tractor trailer did not maintain a proper lookout and did not have proper control of the tractor trailer rig resulting in a loss of control, running through the stop sign, leaving the proper lane of traffic, and attempting to run through such stop sign and turn south resulting in a collision with the Robert Thomas vehicle and the dumping of the load on top of the Robert Thomas vehicle ultimately causing the death of Robert Thomas on January 12, 2014.

6. The driver of the Baja Trucking LC tractor trailer, whose negligence is imputed to Baja Trucking LC under agency, scope of employment, and respondeat superior was guilty of negligence which was the proximate cause of the above described truck- automobile collision in the following particulars, viz:

    a) failing to keep a proper lookout;

    b) failing to keep the tractor trailer he was driving under proper control;

c) driving said tractor trailer at a speed that was greater than reasonable and prudent under the circumstances therein existing;

d) failing to stay in the proper lane of traffic;

e) failing to abide by traffic control devices;

f) failing to stop at a stop sign;

g) failing to yield the right-of-way to the vehicle driven by the deceased; and

h) generally failing to exercise due care under the circumstances.

7. The above described acts of negligence on the part of the truck driver who was the agent, servant and employee of the defendant Baja Trucking LC and were taken within the course and scope of his employment with Baja Trucking LC were the proximate cause of the truck-automobile collision described above and which collision resulted in the death of Robert Thomas and damages to which this plaintiff is entitled more particularly described herein.

8. Before this collision on January 10, 2014, Robert Thomas was able bodied and in good health. His date of birth was October 30, 1946, and he was 67 years of age. He had a long career of working and had reached retirement which he was enjoying. Under the Arkansas mortality tables, a person of his age would have had a life expectancy of 16.51 years. Robert Thomas was deprived of the joys and pleasures of these precious years by the negligence and carelessness previously described herein.

9. The deceased was survived by Shanna McQueen who claims past and future mental anguish by reason of said wrongful death as the surviving daughter of Robert Thomas. The plaintiff, Marvin White, as executor of the estate of Robert Thomas, deceased, is entitled to recover for the following damages, all of which were proximately caused by the negligence of the defendant's driver

which negligence is imputed to the defendant:

    a) mental anguish suffered by Shanna McQueen in an amount to be set by the jury in its sound discretion which amount exceeds the current minimum requirement for federal court jurisdiction in diversity of citizenship cases;

    b) the decedent Robert Thomas' loss of life which amount should be set by the jury in its sound discretion and which amount exceeds the current minimum requirement for federal court jurisdiction in diversity of citizenship cases;

    c) the reasonable cost of funeral expenses according to the proof which amount is less than the current minimum requirement for federal court jurisdiction in diversity of citizenship cases;

    d) conscious pain and suffering of Robert Thomas prior to his death on January 12, 2014 to be set by the jury in its sound discretion and which amount exceeds the current minimum requirement for federal court jurisdiction in diversity of citizenship cases; and

    e) medical expenses attributable to the fatal injury according to the proof in which amount is less than the current minimum requirement for federal court jurisdiction in diversity of citizenship cases.

10. Plaintiff Marvin White as executor of the estate of Robert Thomas, deceased asks for judgment as said personal representative against the defendant Baja Trucking LC for all elements of damage applicable to this case under the Arkansas Wrongful Death Statute, said amount to be set by the jury in its sound discretion and which amount exceeds the current requirement for federal court jurisdiction in diversity of citizenship cases.

11. Plaintiff Marvin White, as executor of the estate of Robert Thomas, deceased specifically asks for trial by jury.

WHEREFORE, premises considered, the plaintiff, Marvin White, as executor of the estate of Robert Thomas deceased, prays for judgment against the defendant, Baja Trucking LC in an amount adequate to compensate for all elements of damage allowed under the Arkansas wrongful

death statute for the estate and the statutory beneficiary and which amount exceeds the current minimum requirement for federal court jurisdiction in diversity of citizenship cases. Plaintiff further prays for cost, interest, and all other further and proper relief, including a trial by jury.

MARVIN WHITE, EXECUTOR OF THE
ESTATE OF ROBERT THOMAS DEC.

By _/s/ Bill W. Bristow_

Bill W. Bristow, P.A.
State Bar No. 75009
216 E. Washington
Jonesboro, Arkansas 72401
(870) 935-9000
billbristow@suddenlinkmail.com

Arlon Woodruff
State Bar No. 75145
P.O. Box 500
Lake City, Arkansas 7437
(870) 237-4300
awoodruff@lawwoodruff.com
